J-S74009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD JONES | |
| Appellant | No. 2879 EDA 2014 |

Appeal from the PCRA Order August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013646-2011

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED October 6, 2016**

Appellant Richard Jones appeals *pro se* from the trial court's order entered in the Court of Common Pleas of Philadelphia County on August 14, 2014, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 7, 2012, Appellant entered a negotiated guilty plea to aggravated assault, criminal trespass, various weapons offenses (VUFA), and fleeing or attempting to elude police officers in four separate matters.  His charges stemmed from an incident that occurred on October 8, 2011, at the

---

[*] Former Justice specially assigned to the Superior Court.

El Toro Bar in Philadelphia.[1]  On that same date, the trial court accepted the negotiated sentence and sentenced Appellant to an aggregate term of eight years to twenty years in prison.  N.T., 9/7/2012, at 31.  Specifically, Appellant received eight years to twenty years imprisonment on the aggravated assault charge, a concurrent term of five years to ten years in prison on both the VUFA and criminal trespass charges and a concurrent term of one year to two years in prison on the fleeing police charge. Appellant also received credit for time served.  Appellant did not file a post-sentence motion or a direct appeal.

On May 14, 2013, Appellant filed a timely *pro se* PCRA petition raising a claim of trial counsel's ineffectiveness for inducing him to plead guilty as there was no evidence to support the aggravated assault charge and for failing to file a motion to withdraw his plea or a timely appeal.  **See** *Pro Se* PCRA Petition, 5/14/13, at 3.  Counsel was appointed to represent him; however, appointed counsel sought to withdraw pursuant to **Turner/Finley**,[2] asserting that following his review of the matter and consultation with Appellant, counsel had determined there were no issues of merit that could support the grant of PCRA relief.  **See** Application to

---

[1] The Commonwealth agreed to *nolle prosse* all remaining charges including additional firearms offenses, simple assault and recklessly endangering another person.  **See**. N.T. Guilty Plea, 9/7/12, at 29.
[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

Withdraw, filed 5/10/14. After issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, the PCRA court ultimately did so and permitted counsel to withdraw on August 14, 2014.

On September 10, 2014, Appellant filed a timely notice of appeal. On July 17, 2015, the PCRA court entered an order directing Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed the same on August 3, 2015.[3] In his brief, Appellant presents the following issues for our review:

> 1. Whether the [c]ourt erred by denying [Appellant's] PCRA petition alleging counsel is ineffective by not raising the claim the evidence is legally insufficient to sustain the aggravated assault where no serious bodily injury was inflicted.
>
> 2. Counselor was ineffective for not looking into the constitutionality of the plea agreement 8 to 20 years under mandatory sentencing guidelines. The U.S. Supreme Court found that any fact that increases the penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt.
>
> 3. Whether the Court erred by denying [Appellant's] PCRA petition in that counsel failed to raise the illegal sentence issue at sentencing and also failed to file a direct appeal. This was ineffective. An accused's right to be represented by counsel is fundamental to our criminal justice system. U.S. Constitution, sixth amendment.

Appellant's Brief at 4.

---

[3] Although this petition was docketed on August 10, 2015, we shall treat it as being filed on August 3, 2015, the date upon which Appellant handed it to prison officials. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011) (discussing prisoner mailbox rule).

In PCRA proceedings, this Court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review we apply is whether the PCRA court's findings are supported by the record and free of legal error. *Commonwealth v. Pitts*, 603 Pa. at 1, 7, 981 A.2d 875, 878 (2009). Moreover, it is well-settled that when a defendant has entered a negotiated guilty plea, his "plea ... amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa.Super. 1991).

The focal point of Appellant's brief is upon his first issue wherein he contends he is entitled to relief under the PCRA due to trial counsel's ineffectiveness for failing to challenge the sufficiency of the evidence to sustain his aggravated assault conviction, as he inflicted no serious bodily injury upon another. Counsel is presumed to be effective, and to establish an ineffective assistance of counsel claim, a PCRA petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked a strategically reasonable basis for the act or omission; and (3) the petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. *Commonwealth v. Harris*, 578 Pa. 377, 387, 852 A.2d 1168, 1173 (2004). Failure to prove any prong will defeat an ineffectiveness claim. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779–80 (Pa.

Super. 2015) (*en banc*), appeal denied, 123 A.3d 331 (Pa. 2015); 42 Pa.C.S.A. §§ 9543(a)(2)(ii).

A review of the record reveals there was a factual basis for Appellant's plea. N.T. Guilty Plea/Sentencing Hearing, 9/7/12, at 19-26. Moreover, both Appellant's written and oral colloquies demonstrate that his guilty plea was entered knowingly, intelligently and voluntarily. *Id.* at 14 ("And, Appellant, are those basically the facts to which you're pleading guilty today?  Yes, ma'am."); *see also* Written Guilty Plea Colloquy, 9/7/12; ***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa.Super. 2015) (entry of negotiated plea is strong indicator of voluntariness of plea; law does not require that defendant be pleased with outcome of decision to enter guilty plea, but just that decision was knowingly, voluntarily and intelligently made).  As this underlying claim lacks merit, Appellant cannot establish trial counsel had been ineffective for failing to raise it on direct appeal.

Appellant's final two issues essentially question trial counsel's effectiveness for failing to challenge the legality of his sentence.  While Appellant did not assert this claim in a timely post-sentence motion or in his PCRA petition, legality of sentence questions are not waivable. ***Commonwealth v. Ciccone***, 2016 WL 3902841, at *5 (Pa.Super. 2016). Notwithstanding, upon consideration thereof we note that Appellant provides no legal authority for his averments, but for his citation to ***Alleyne v. United States***, ___ U.S. _____, 133 S.Ct. 2151 (2013) (holding that the

Sixth Amendment requires that any fact, other than a prior conviction, that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt).  Brief for Appellant at 9 (unnumbered). The trial court imposed the sentence Appellant had negotiated with the Commonwealth, which was well within the legal limits and did not involve the application of a mandatory minimum sentencing provision.  In addition, the trial court iterated on the record Appellant's post sentence and appellate rights which Appellant acknowledged he understood, and nowhere does he claim he asked trial counsel to file either a post sentence motion or direct appeal on his behalf. N.T. Guilty Plea/Sentencing Hearing, 9/7/12, at 31-33.  Appellant may not now seek discretionary review of his negotiated sentence.  *See Commonwealth v. O'Malley*, 957 A.2d 1267 (Pa.Super. 2008).

Because Appellant's underlying claims have no arguable merit, counsel cannot be deemed to be ineffective for failing to challenge the sufficiency of the evidence to establish aggravated assault or the legality of his sentence. *Commonwealth v. Spotz*, 616 Pa. 164, 187, 47 A.3d 63, 76 (2012).  As Appellant is not entitled to relief on any of his issues, we affirm the August 14, 2014 order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2016